IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00188-BNB

MARTEL TAMAR SANDERS,

    Applicant,

v.

B. DAVIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Martel Tamar Sanders is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at USP Florence. Mr. Sanders initiated this action by filing a **pro se** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The action originally was dismissed on March 19, 2009, for failure to cure the deficiencies noted in the January 30, 2009, Order to Cure. Mr. Sanders filed a Motion for Reconsideration of the March 19, 2009, Order claiming that he did not receive the January 30, 2009, Order to Cure and that the forms sent to him with the Order to Cure were not the proper forms. Although nothing Mr. Sanders submitted to the Court indicated that he did not receive the January 30, 2009, Order until March 24, 2009, it is possible that the forms provided to him were not the proper forms. The Court reinstated the action on April 10, 2009, to allow Mr. Sanders to cure the deficiencies, which he did on May 4, 2009.

On May 7, 2009, Magistrate Judge Boyd N. Boland entered an order directing Respondent to file a Preliminary Response and to address the affirmative defense of

exhaustion of administrative remedies. Respondent was instructed that if he did not intend to raise this affirmative defense to notify the Court of that decision in the Preliminary Response. On May 26, 2009, Respondent filed a Preliminary Response in which he states that he does not intend to raise the affirmative defense of exhaustion of administrative remedies. Mr. Sanders has failed to file a Reply within the time allowed.

The Court must construe the papers filed by Mr. Sanders liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action will be dismissed.

In the instant action, Mr. Sanders alleges that he was sentenced in the United States District Court for the Western District of Texas (Western District of Texas), on November 18, 2004. He further asserts that on December 14, 2004, he was sentenced by the State of Texas. Mr. Sanders argues that because he was sentenced first by the Western District of Texas and was ordered remanded to the custody of the U.S. Marshals, to be delivered to the BOP to serve a fifty-five month sentence, his federal sentence began on November 18, 2004. He further contends that the State of Texas erred in not returning him to federal custody after his state sentencing. He also contends that neither the state court nor the federal court stipulated that his sentence was to run consecutively, so the sentences run concurrently. Mr. Sanders further contends it is not his fault that the BOP failed to lodge an arrest detainer with State of Texas Department of Corrections (DOC), and he inadvertently was released on parole from the State of Texas.

Mr. Sanders concludes that based on 18 U.S.C. § 3585(a) he should be credited with all the time spent in custody before and after he was sentenced in federal court, because once a federal term of imprisonment is activated the term runs until it is completed. Mr. Sanders further concludes that the time should include the time he was released from state custody and placed on parole, because it was not his fault that the BOP failed to subject him to a detainer and require the state to hold him until the U.S. Marshals arranged for his transport to BOP custody.

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

3

Mr. Sanders is correct that "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." **Weekes v. Fleming**, 301 F.3d 1175, 1180 (10th Cir. 2002). However, when a prisoner is subject to prosecution by more than one sovereign, "he may not complain of or choose the manner or order in which each sovereign proceeds against him." **Hayward v. Looney**, 246 F.2d 56, 57 (10th Cir. 1957). "Either the [f]ederal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner." **Id.** Furthermore, "[w]hether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity to be determined by the sovereign having custody." **Id.**

The Court has found under the U.S. Party/Case Index in PACER (Public Access to Court Electronic Records), by examining the docketing records in Mr. Sanders' criminal case, **see United States v. Sanders**, No. 04-cr-00155-LY-1 (W.D. Tex. Nov. 19, 2004), on July 9, 2004, the Western District of Texas issued a writ of habeas corpus ad prosequendum for Mr. Sanders. **See id.** at Doc. # 4. Therefore, the federal government clearly did not have primary jurisdiction over him at the time of his federal proceedings. **See Weekes**, 301 F.3d at 1181 (noting that use of an ad prosequendum writ to gain custody indicates the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody).

It must be presumed that Mr. Sanders' return to state authorities following imposition of his federal sentence was duly authorized in the absence of an affirmative showing to the contrary. **See Hayward**, 246 F.2d at 57. Mr. Sanders makes no such affirmative showing to the contrary. Therefore, the Court finds that Mr. Sanders was

4

not in primary federal custody from November 19, 2004, until June 5, 2008, when he was arrested by federal agents.

Furthermore, in accordance with 18 U.S.C. § 3585, a federal sentence commences on the date a defendant is received into custody, which in Mr. Sanders case was at the earliest on June 5, 2008, when he was arrested. Nothing in Mr. Sanders criminal proceeding indicates that he was officially in federal custody prior to his state sentencing. It also is clear he was serving a state sentence until December 14, 2004, when he was released on state parole, and any credit for this time is foreclosed under § 3585(b). Furthermore, Mr. Sanders is not entitled to credit on his sentence for the time he was released on parole from his state sentence as he was not officially in federal custody.

As for Mr. Sanders' argument that because the federal district court failed to order his federal sentence to run consecutively to his state sentence the sentence is presumed to run concurrently, the law is to the contrary. Under 28 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The Court, therefore, finds that Mr. Sanders' claims lack merit and the action should be dismissed. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 29 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00188-BNB

Martel Tamar Sanders
Reg. No. 39849-180
USP - Florence
PO Box 7000
Florence, CO 81226

Susan Prose
Assistant United State Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/29/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk